**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ANABEL GARCIA-ORTIZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2661

Agency No.
A201-282-689

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and HURWITZ, Circuit Judges.

Anabel Garcia-Ortiz petitions for review of a Board of Immigration Appeals

("BIA") decision affirming an order of an Immigration Judge ("IJ") denying her

application for cancellation of removal. We review that decision for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025), and we deny the petition.

To qualify for cancellation, an applicant must establish that their removal will result in hardship to a qualifying relative that is substantially different from, or beyond, the hardship ordinarily associated with removal from the United States. *Id.* at 1005–06. "It must deviate, in the extreme, from the norm." *Id.* at 1006. The agency must consider the cumulative hardships, taking into consideration the age, health, and circumstances of the qualifying family members. *Id.* (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001)). The BIA should also consider family and social support and whether the applicant provides the sole means of support for the qualifying relative. *In re Recinas*, 23 I. &. N. Dec. 467, 470–71 (BIA 2002).

Garcia-Ortiz alleged that her removal would present an exceptional and extremely unusual hardship for her father, who was seventy-five at the time of the hearing. Her father suffered from arthritis and kidney stones and was taking medication for both. By the time of the hearing, Garcia-Ortiz had become the primary caregiver for her father, but the IJ found there was an extensive family network in the United States able and willing to care for him, including several family members who lived in the paid-for family home in Phoenix and an able-bodied wife who was working and living in Texas with another son. The agency

also considered Garcia-Ortiz's "extensive social and family networks" in Mexico.

The totality of the evidence does not compel the conclusion that Garcia-Ortiz met the high burden of demonstrating a hardship to a qualifying relative that is substantially different from or beyond that normally resulting from removal. *See Gonzalez-Juarez*, 137 F.4th at 1005–08. Although the agency did not explicitly mention Garcia-Ortiz's unrealistic prospects for lawful return, the agency discussed the "evidence that was highly probative or potentially dispositive," and we are satisfied that it considered all hardship factors in the aggregate. *See id.* at 1008 ("While the BIA must consider all the evidence before it, 'that does not mean that the Board must individually identify and discuss every piece of evidence in the record.'") (quoting *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022)).

**PETITION DENIED.**